IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MATTHEW RAY GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-168-D-BR |
| | § | |
| JOEL W. RICHARDSON, Sheriff, | § | |
| Randall County, Texas, | § | |
| | § | |
| Respondent. | § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Petitioner, a *pretrial* detainee confined in the Randall County Jail, has filed this *pro se* habeas petition under 28 U.S.C. section 2241 against custodian Randall County Sheriff Joel W. Richardson challenging the constitutionality of his continued confinement. For the following reasons, the petition should be dismissed without prejudice.

## BACKGROUND

Petitioner asserts that on March 20, 2018, he was arrested by the Randall County Sheriff's Department in Potter County, Texas, on charges of (1) possession of a controlled substance in a drug free zone, and (2) unlawful possession of a firearm by a felon. Petitioner asserts he has been confined in the Randall County Jail since the date of his arrest and was not charged by Indictment with the above offenses until July 25, 2018. *State v. Gonzales,* Cause No. 28769B.[1] Petitioner initially argues the Randall County district court does not have subject matter jurisdiction over his

---

[1] The Randall County online docket reflects petitioner was not charged by Complaint in Cause No. 28769B until July 11, 2018.

criminal proceedings because the alleged possession offenses occurred in Potter County, Texas, not Randall County, Texas.  Petitioner also appears to assert his Indictment is invalid because he was not charged within the time limits imposed by Texas procedural law.  Petitioner also asserts appointed counsel has been ineffective in his pretrial representation of petitioner.  Petitioner generally asserts his further prosecution and/or detainment for the charged offenses is unlawful.  Petitioner further argues his continued confinement on the pending criminal charges violates his federal constitutional rights, and that the State's failure to try the case denies him his speedy trial rights.  Petitioner requests an order granting his immediate release.

## ANALYSIS

Under 28 U.S.C. section 2241, a state pre-trial detainee may raise constitutional claims related to his confinement in a federal habeas proceeding. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).  ("Pretrial petitions are properly brought under § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." (internal quotes omitted)).  However, to warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies.  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial habeas claims under 28 U.S.C. section 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.  *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).  Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.  Exceptions to the

exhaustion requirement apply only in extraordinary circumstances. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*).

The online electronic docket of the Texas Court of Criminal Appeals reflects petitioner has not filed a petition for state habeas relief with that court or otherwise presented the claims he raises in the instant federal habeas petition to that state court. Consequently, petitioner has not exhausted his state court remedies. Petitioner has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights, nor has he argued, much less shown, any extraordinary circumstances warranting excusal from the exhaustion requirement.

Moreover, petitioner's claims and requested relief are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires federal courts to decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant

case. Petitioner has failed to show any special or exceptional circumstances warranting this Court's interference. This section 2241 petition should be dismissed because of the failure to exhaust state court remedies and the *Younger* abstention doctrine.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* [ECF 3] filed by petitioner MATHEW RAY GONZALES be DISMISSED without prejudice.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 9, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A

party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).